IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE PAEZ, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 1:22-CV-00052 |
| FAMILY DOLLAR STORES OF TEXAS, LLC, FAMILY DOLLAR STORES, INC., FAMILY DOLLAR, INC., FAMILY DOLLAR HOLDINGS, INC., FAMILY DOLLAR SERVICES, INC., FAMILY DOLLAR DISTRIBUTION, LLC, FAMILY DOLLAR GC, LLC, and EMILY ORELLANA, | § § § § § § § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |

## DEFENDANT FAMILY DOLLAR STORES OF TEXAS, LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, FAMILY DOLLAR STORES OF TEXAS, LLC (hereinafter "FD TEXAS") one of the Defendants herein, hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), FD Texas sets forth the following "short and plain statement of the grounds for removal."

### I.
### THE REMOVED CASE

1.  The removed case is a civil action filed with the 345th Judicial District Court, of Travis County, Texas, on December 6, 2021, styled *Jose Paez v. Family Dollar Stores of Texas, LLC, Family Dollar Stores, Inc., Family Dollar, Inc., Family Dollar Holdings,*

*Inc., Family Dollar Services, Inc., Family Dollar Distribution, LLC, Family Dollar GC, LLC, and Emily Orellana,* under Cause No. DD-1-GN-21-007096 (the "State Court Action").

## II.
## DOCUMENTS FROM REMOVED ACTION

2. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 81 and 28 U.S.C. § 1446(a), Defendant attaches the following documents to this Notice of Removal:

(a) A list of all parties in the case, their party type and current status;

(b) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d) A record of which parties have requested trial by jury; and

(e) The name and address of the court from which the case is being removed.

## III.
## REMOVAL PROCEDURE

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Courts for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The Austin Division of the Western District Court of Texas is the United States

district and division embracing Travis County, Texas, and the county in which the State Court Action is pending.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as ***Exhibit "B"*** and incorporated herein for all purposes.

5. Defendant will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 345th District Court, Travis County, Texas, where the action is currently pending.

## IV.
## REMOVAL IS TIMELY

6. According to the State Court Action file, Defendant FD TEXAS was served with a copy of Plaintiff's Original Petition ("Petition") on December 20, 2021 via personal service.

7. Since the thirtieth day after service of the Petition on FD TEXAS falls on January 19, 2021, this Notice of Removal is being filed within the time limits specified in 28 U.S.C. § 1446(b).

## V.
## VENUE IS PROPER

8. The United States District Court for the Western District of Texas – Austin Division, is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 345th District Court, Travis County, Texas, is

located within the jurisdiction of the United States District Court for the Western District of Texas – Austin Division.

## VI.
## DIVERSITY OF CITIZENSHIP EXISTS

9. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

10. As admitted in the Petition, Plaintiff is a resident of Texas and is domiciled there.[1] As such, Plaintiff is a citizen of Texas.

11. FAMILY DOLLAR STORES OF TEXAS, LLC is a foreign Limited Liability Company organized and existing under the laws of the Commonwealth of Virginia. FAMILY DOLLAR STORES OF TEXAS, LLC is a citizen of the Commonwealth of Virginia and its principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia. As a Limited Liability Company, Family Dollar is comprised of individual members and one managing member entity – Family Dollar Stores of Ohio, Inc., which has a 100% interest in FAMILY DOLLAR STORES OF TEXAS, LLC. The business address for the managing member entity of Family Dollar Stores of Texas, LLC is 500 Volvo Parkway, City of Chesapeake, in the Commonwealth of Virginia. The titles and addresses of each of the individual members of Family Dollar Stores of Texas, LLC are as follows:

| | |
|---|---|
| Beth Berman | Vice President/Deputy General Counsel / Assistant Secretary |
| Sandra L. Boscia | Assistant Secretary |
| Linde Carley | Assistant Secretary |
| Jonathan Elder | Vice President – Tax |

---

[1] *Id.* Plaintiff's Original Petition at p. 1, ¶ 2.1

Bradley Hunter, Vice President – Finance, 500 Volvo Parkway, Chesapeake, VA 23320
Michael Matacunas, Chief Administrative Officer, 500 Volvo Parkway, Chesapeake, VA 23320
Deborah Miller, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
William A. Old, Jr., Sr. VP / General Counsel / Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Gary Philbin, President / Chief Operating Officer, 500 Volvo Parkway, Chesapeake, VA 23320
Robert L. Rogers, Senior Vice President / Real Estate, 500 Volvo Parkway, Chesapeake, VA 23320
Thomas E. Schoenheit, VP, Ass't General Counsel, Ass't Secretary, 10401 Monroe Road, Matthews, NC 28105
Shawnta Totten-Medley, Vice President / Assistant Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Kevin Wampler, Exec Vice Pres and Chief Financial Officer, 500 Volvo Parkway, Chesapeake, VA 23320

12. Additionally, Family Dollar Stores of Ohio, Inc., the sole managing member of Family Dollar Stores of Texas, LLC, is a foreign corporation organized and formed under the laws of the Commonwealth of Virginia and its principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Family Dollar Stores of Ohio, Inc. is a citizen of the Commonwealth of Virginia.

13. **Defendant Family Dollar Stores, Inc.**, *(an improper party)* is a foreign corporation, organized and existing under the laws of the State of Delaware and a citizen of the Commonwealth of Virginia with a principal office located at 500 Volvo Parkway, Chesapeake, Virginia 23320. **Defendant Family Dollar Stores, Inc.** is an improper party to this lawsuit because it does not own, manage, maintain or control any retail stores in the state of Texas. Pursuant to 28 U.S.C. § 1332(c)(1), Family Dollar Stores of Ohio, Inc. is a citizen of the Commonwealth of Virginia.

14. **Defendant Family Dollar Inc.** *(an improper party)* is a foreign corporation, organized and existing under the laws of the State of North Carolina. **Defendant Family Dollar Inc**. is a resident of the Commonwealth of Virginia with a principal office located at 500 Volvo Parkway, Chesapeake, Virginia 23320. **Defendant Family Dollar Inc.** is an improper party to this lawsuit because it no

longer exists in the capacity in which it has been sued and because it does not own, manage, maintain or control any retail stores in the state of Texas.

15. Defendant **Family Dollar Holdings, Inc.** *(an improper party)* is a foreign corporation that was organized and formed under the laws of the State of North Carolina. The corporation ceased to exist pursuant to a conversion of another business entity on January 11, 2017. The corporation is now known as Family Dollar Holdings, LLC, and is a foreign limited liability company organized and existing under the laws of the state of North Carolina. Family Dollar Holdings, LLC's principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia. As a Limited Liability Company, Family Dollar Holdings is comprised of individual members and one managing member entity – Family Dollar Stores, Inc., which has a 100% interest in Family Dollar Holdings, LLC. The managing member entity Family Dollar Stores, Inc., is a foreign corporation, organized and existing under the laws of the State of Delaware and a citizen of the Commonwealth of Virginia with a principal office located at 500 Volvo Parkway, Chesapeake, Virginia 23320. Furthermore, the titles and business addresses of the individual members of Family Dollar Holdings, LLC, which has a principal office located at 500 Volvo Parkway, City of Chesapeake, in the Commonwealth of Virginia are as follows:

Kevin Wampler, Exec Vice Pres and Chief Financial Officer, 500 Volvo Parkway, Chesapeake, VA 23320
Bruce Walters, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
CJ York, Assistant Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Deborah Miller, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
Shawnta Totten-Medley, Vice President/Ass't Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Jonathan Elder, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
Lonnie W. McCaffety, President, 10401 Monroe Road, Matthews, NC 28105
Roger Dean, Treasurer/Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
Sandra L. Boscia, Assistant Secretary, 10401 Monroe Road, Matthews, NC 28105

Thomas E. Schocnhcit, VP, Ass't Gen Counsel, Ass't Secretary, 10401 Monroe Road, Matthews, NC 28105
William A. Old, Jr., Senior VP, Chief Legal Officer, General Counsel, 500 Volvo Parkway, Chesapeake, VA 23320

Thus, pursuant to 28 U.S.C. § 1332(c)(1) all of the individual members of Family Dollar Holdings, LLC, its individual members, and its managing member entity are citizens of the state of North Carolina or the Commonwealth of Virginia. Finally, Defendant **Family Dollar Holdings, Inc.** is an improper party to this lawsuit because it no longer exists in the capacity in which it has been sued and because it does not own, manage, maintain or control any retail stores in the state of Texas.

16. Defendant **Family Dollar Services, Inc.** *(an improper party)* is a foreign corporation organized and formed under the laws of the state of North Carolina. The corporation ceased to exist pursuant to a conversion of another business entity on January 13, 2017. The corporation is now known as Family Dollar Services, LLC, and is a foreign limited liability company organized and existing under the laws of the state of North Carolina. Family Dollar Services, LLC's principal place of business is located at 500 Volvo Parkway in the City of Chesapeake, Commonwealth of Virginia. As a Limited Liability Company, Family Dollar Services, LLC is comprised of individual members and one managing member entity – Family Dollar, Inc., which has a 100% interest in Family Dollar Services, LLC. The managing member entity Family Dollar, Inc., is a foreign corporation, organized and existing under the laws of the State of North Carolina and a citizen of the Commonwealth of Virginia with a principal office located at 10401 Monroe Road, Matthews, NC 28105. Furthermore, the titles and business addresses of the individual members of Family Dollar Services, LLC, which has a principal office located at 500 Volvo Parkway, City of

Chesapeake, in the Commonwealth of Virginia are as follows:

Kevin Wampler, Exec Vice Pres and Chief Financial Officer, 500 Volvo Parkway, Chesapeake, VA 23320
Bruce Walters, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
CJ York, Assistant Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Deborah Miller, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
Shawnta Totten-Medley, Vice President/Ass't Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Jonathan Elder, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
Lonnie W. McCaffety, President, 10401 Monroe Road, Matthews, NC 28105
Roger Dean, Treasurer/Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
Sandra L. Boscia, Assistant Secretary, 10401 Monroe Road, Matthews, NC 28105
Thomas E. Schocnhcit, VP, Ass't Gen Counsel, Ass't Secretary, 10401 Monroe Road, Matthews, NC 28105
William A. Old, Jr., Senior VP, Chief Legal Officer, General Counsel, 500 Volvo Parkway, Chesapeake, VA 23320

Thus, pursuant to 28 U.S.C. § 1332(c)(1) all of the individual members of Family Dollar Services, LLC, its individual members, and its managing member entity are citizens of the state of North Carolina or the Commonwealth of Virginia.

Defendant **Family Dollar Distribution, Inc.** is a non-existent legal entity and thus has no state of incorporation or principal place of business. Defendant Family Dollar Distribution, Inc,. is thus not a proper party because it does not exist in the capacity in which it has been sued.

17. Defendant **Family Dollar GC, LLC** *(an improper party)* is a foreign limited liability company organized and formed under the laws of the state of North Carolina. Its principal place of business is located at 500 Volvo Parkway, City of Chesapeake, Commonwealth of Virginia 23320. As a limited liability company, Defendant Family Dollar GC, LLC is comprised of individual members. Furthermore, the titles and business addresses of the individual members of Family Dollar GC, LLC, which has a principal office located at 500 Volvo Parkway, City of Chesapeake, in the Commonwealth of Virginia are as follows:

Jonathan Elder, 500 Volvo Parkway, Chesapeake, VA 23320
Deborah Miller, Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
CJ York, Assistant Secretary, 500 Volvo Parkway, Chesapeake, VA 23320

Shawnta Totten-Medley, Vice President/Ass't Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Roger Dean, Treasurer/Vice President, 500 Volvo Parkway, Chesapeake, VA 23320
Bruce Walters, Chief Dev Officer, 500 Volvo Parkway, Chesapeake, VA 23320
Christopher Williams, Senior VP, 500 Volvo Parkway, Chesapeake, VA 23320
Dana Hay, Ass't Secretary, 500 Volvo Parkway, Chesapeake, VA 23320
Todd Littler, Senior VP, 500 Volvo Parkway, Chesapeake, VA 23320
William A. Old, Jr., Sr. VP, Chief Legal Officer, General Counsel, 500 Volvo Parkway, Chesapeake, VA 23320
Sandra L. Boscia, Assistant Secretary, 10401 Monroe Road, Matthews, NC 28105
Irfan Badibanga, President, 500 Volvo Parkway, Chesapeake, VA 23320

18. Finally, **Defendant Family Dollar Holdings, Inc.** is an improper party to this lawsuit because is not a viable legal entity and further is not liable to the Plaintiff in the capacity in which it has been sued as it does not own, manage, maintain or control any retail stores in the state of Texas.

19. Defendant **EMILY ORELLANA** has not been served and her citizenship has not been determined. As such, her consent to this removal is not necessary.

20. Even presuming that Defendant Emily Orellana is a citizen of Texas, a majority of the federal courts considering "snap removal," as Defendant Family Dollar Stores of Texas, LLC seeks here, have held that 28 U.S.C. § 1441(b)(2) permits removal as long as no in-state defendant has been served. *E.g., Midwest Health Group, LLC v. eMDs, Inc.,* Civil Action No. 1:20-CV-853-LY, 2020 WL 6580446, *3 (W.D. Tex. Nov. 10, 2020); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.,* Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford,* 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009).

### *Defendant Emily Orellana was improperly joined.*

21. Plaintiff alleges in the Petition that **Defendant Emily Orellana**, ("Orellana") is an individual residing in Alvarado, Texas. As mentioned earlier, Defendant ORELLANA has not been served with process in this lawsuit.

22. Defendant FAMILY DOLLAR STORES OF TEXAS, LLC further contends that ORELLANA was improperly joined as a Defendant in this lawsuit in order to defeat diversity jurisdiction. Orellana was named in the State Court Action solely in her capacity as an employee of Defendant FAMILY DOLLAR STORES OF TEXAS, LLC and she is not a necessary party to this lawsuit.

23. It is well-settled in the Fifth Circuit that improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[2] To determine whether a non-diverse defendant is improperly joined, this Court must analyze whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the non-diverse defendant, which stated differently means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [it]."[3] There must be a reasonable possibility of recovery, not merely a theoretical one.[4]

24. In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, this Court may "conduct a Rule 12(b)(6)-type analysis, looking

---

[2] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc)(citation omitted).
[3] *Id.*, 385 F.3d at 573.
[4] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007)(quotation marks and citation omitted).

initially at the allegations of the [petition] to determine whether the [petition] states a claim under state law against the in-state defendant," or "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[5] In so doing, however, the court "takes into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."[6] The inquiry does not end there however, because "[t]he focus of the inquiry must be on the joinder itself, not the merits of the plaintiff's case."[7]

25. Plaintiffs assert negligence claims against FAMILY DOLLAR STORES OF TEXAS, LLC. Specifically, a general negligence and purportedly a negligent undertaking claim against FAMILY DOLLAR STORES OF TEXAS, LLC employee, ORELLANA.[8] While this Court need not look at the merits of Plaintiff's claims against ORELLANA, should the Court review the facts of these claims under a Rule 12(b)(6) summary standard, FAMILY DOLLAR STORES OF TEXAS, LLC contends that Plaintiff has no reasonable probability of an actual recovery against ORELLANA in her individual capacity.[9]

26. Plaintiff alleges that Defendant ORELLANA "undertook to perform maintenance and work on a piece of *Family Dollar* equipment…" and was

---

[5] *Smallwood,* 385 F.3d at 573
[6] *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir.2003).
[7] *Smallwood*, 385 F.3d at 573.
[8] *See* Petition at ¶5.2.
[9] *See, e.g., Wilson v. Republic Iron & Steel, Co., 257 U.S. 92*, 98–99 (1921); (upholding the district court's removal jurisdiction where the joinder of a local defendant was a sham); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (if claim against a local defendant is deemed fraudulent, lack of diversity will not prevent removal); *Wamco v. Casa Grande* 314 F. Supp. 2d 655 at 658 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) for the proposition that "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.")

responsible for "cleaning the areas ... and placing warning signs in hazardous area/spots *in the store*;[10] "failing to warn invitees of the hazards of an unreasonably dangerous condition on *Family Dollar premises[sic]*," which ORELLANO, *in her capacity* had or should have had actual knowledge;[11] failing to warn of the dangerous condition created in *Family Dollar*;[12] and "failing to adequately supervise *employees* during the restocking of shelves,"[13] among other things.

27. It is clear from the Plaintiff's pleadings that the negligence claims Plaintiff asserts against Orellana arise *solely* from the employer/employee relationship between Defendant FAMILY DOLLAR STORES OF TEXAS, LLC and ORELLANA. Tellingly, the exact same acts and omissions attributed to Orellana as the basis for Plaintiff's claims are also made against all of the Family Dollar entities named by the Plaintiff. Thus there is no distinction between the acts and omissions asserted against ORELLANA and FAMILY DOLLAR STORES OF TEXAS, LLC, which supports Defendant' contention there could not have been an individual breach of duty by Orellana outside of her capacity as an employee of FAMILY DOLLAR STORES OF TEXAS, LLC and there is no realistic possibility of recovery against ORELLANA in her individual capacity.

28. Plaintiff's negligence causes of action against ORELLANA, are entirely dependent upon ORELLANA's status and actions as an employee of Defendant FAMILY

---

[10] *See* Pl. Original Petition, ¶5.2 (a)
[11] *Id. at* ¶ 5.2(a)(i) and (ii)
[12] *Id. at* ¶ 5.2(a)(iii)
[13] *Id. at* ¶ 5.2(a)(vi)

DOLLAR STORES OF TEXAS, LLC, not in her individual capacity, despite Plaintiff's attempt to plead otherwise and attribute independent duties to Orellana that are not supported and do not exist under Texas law. To establish a negligence cause of action, plaintiffs must show a duty, a breach of that duty, and damages proximately caused by the breach.[14] Whether a duty exists is a threshold inquiry and a question of law and liability cannot be imposed on the defendant, here non-diverse Defendant ORELLANA, if no duty exists.[15] The Texas Supreme Court provided guidance for this analysis in *Tri v. J.T.T.*[16] In that case the Court held that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the ***agent or employee of a corporation***. Corporations can, of course, only act through individuals.[17] Defendant ORELLANA's actions as an individual are distinctly intertwined with her employment by FAMILY DOLLAR STORES OF TEXAS, LLC. Succinctly put, any duty owed by ORELLANA is not an independent one that exists outside of the duties she was performing while in the course and scope of her employment with FAMILY DOLLAR STORES OF TEXAS, LLC. Thus, the improper joinder doctrine prevents Plaintiff from attempting to defeat federal diversity jurisdiction simply by naming a non-diverse Defendant.[18] Based on all of the aforementioned, Defendant ORELLANA has been improperly joined and her citizenship should be disregarded for purposes of determining jurisdiction.

---

[14] *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).
[15] *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).
[16] 162 S.W.3d 552 (Tex. 2005).
[17] *Tri v. J.T.T.,* 162 S.W.3d 552, 562-63 (Tex. 2005). (emphasis added).
[18] *Salazar v. Allstate Tex. Lloyd's, Inc*. 455 F.3d 571, 574 (5th Cir. 2006).

29. Therefore Because Plaintiff is a citizen of the State of Texas and Defendants FAMILY DOLLAR STORES OF TEXAS, LLC, FAMILY DOLLAR STORES, INC. *(an improper party)*, FAMILY DOLLAR, INC. *(an improper party)*, Family Dollar Holdings, Inc. *(an improper party)*, FAMILY DOLLAR SERVICES, INC. *(an improper party)*, FAMILY DOLLAR DISTRIBUTION, LLC, *(an improper party)* and FAMILY DOLLAR GC, LLC *(an improper party)* and all of the individual members of **Defendants FAMILY DOLLAR STORES OF TEXAS, LLC, FAMILY DOLLAR DISTRIBUTION, LLC AND FAMILY DOLLAR GC, LLC**, are citizens of the state of North Carolina or the Commonwealth of Virginia, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## VII.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

30. Plaintiff alleges in his Petition that he has "suffered damages in excess of $1,000,000."[19]

31. Based on the aforementioned facts, the State Court Action may be removed to this Court by FAMILY DOLLAR in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy as pled by the Plaintiff, exceeds $75,000, exclusive of interest and costs.

## VIII.
## FILING OF REMOVAL PAPERS

32. Pursuant to 28 U.S.C. § 1446(d), FAMILY DOLLAR is providing written

---

[19] *See,* Petition at p. 3, ¶ 3.4

notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the 345th District Court, Travis County, Texas, in which this action was originally commenced.

## IX.
## CONCLUSION

33. Therefore, FAMILY DOLLAR STORES OF TEXAS, LLC, one of the Defendants herein, hereby removes the above-captioned action from the 345th District Court, Travis County, Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas – Austin Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 North Saint Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900 / Fax: 214.379.6939

By: */s/ Zach T. Mayer*
  Zach T. Mayer
  State Bar No. 24013118
  E-Mail: zmayer@mayerllp.com
  Robin R. Gant
  State Bar No. 24069754
  E-Mail: rgant@mayerllp.com
  Dwayne I. Lewis
  State Bar No.24097996
  E-Mail: dlewis@mayerllp.com

**ATTORNEYS FOR DEFENDANT**
**FAMILY DOLLAR STORES OF TEXAS, LLC**

# CERTIFICATE OF SERVICE

       The undersigned does hereby certify that on January 19, 2022, the foregoing *Notice of Removal* was electronically filed, as required by the United States District Court for the Western District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Western District of Texas:

| | |
|---|---|
| Jason F. DeSouza<br>Robert B. Evans<br>DeSouza Law, PC<br>3201 Cherry Ridge Dr., Suite C-300<br>San Antonio, Texas 78230<br><br>*Counsel for Plaintiff* | ☐E-Mail (jason@jfdlawfirm.com; robby@jfdlawfirm.com)<br>☐Hand Delivery<br>☐Facsimile<br>☐Overnight Mail<br>☐Regular, First Class Mail<br>☒CM/ECF<br>☐Certified Mail/Return Receipt Requested |

                                */s/Zach T. Mayer*
                                Zach T. Mayer